# Mullins v. Commonwealth.

October 3, 1950.

Eldred E. Adams, Judge.

W. A. Daugherty and Russell Vanover for appellant.

A. E. Funk, Attorney General, and Zeb A. Stewart, Assistant Attorney General, for appellee.

VAN SANT, COMMISSIONER—Reversing.

On the 20th day of September, 1947, appellant and his brother-in-law, Jessie Carter, having previously formed a partnership, deposited the sum of $558.83 to the credit of the partnership in the Cumberland Bank and Trust Company in Clintwood, Virginia. At the time of the deposit, they issued two checks in the sum of $10.00 each; one payable to appellant, the other to Carter. Both checks were signed by both partners in the firm name "Mullins & Carter". Each affixed his own name to both of the checks. These checks were cashed by the employee of the bank who accepted the deposit. Thereafter eight other checks in various amounts identically signed were issued by the partners and honored by the bank. The eleventh check, in the a-mount of $90.00, signed precisely like the ten previous checks, was delivered to Roy Sanders in Pike County, Kentucky in payment of a motor purchased for the use of the partnership in the operation of a coal mine in Virginia. When the $90.00 check was presented to the bank, one of its employees refused to honor it be-cause the firm name was not followed by the words "by Mullins" or "by Carter" which was the signature authorized on the card prepared and kept on file for that purpose at the bank. Neither Mullins nor Carter

had had any experience with partnerships or joint accounts previous to the transactions herein related, and each was under the impression that both were required to sign the same check before it would be honored. When the $90.00 check was presented for payment, the account had a balance to the credit of the partnership far in excess of the amount of the check. When the check was returned, Sanders caused Mullins to be arrested on a charge of issuing a cold check. The arrest was made on a Sunday and the arresting officer refused to permit Mullins to communicate with the cashier of his bank and clarify the misunderstanding, which could have been done very promptly. After his arrest, the check was honored and Sanders received the money; despite this fact, the charge was prosecuted resulting in conviction and a sentence of confinement in the state reformatory for a period of one year.

KRS 434.070 under which the indictment was drawn describes the offense, insofar as pertinent to this transaction, as the uttering of a check upon a bank with knowledge of the maker of the check that he has not sufficient funds in or credit with the bank for the payment of the check upon its presentation. The Commonwealth does not even contend that appellant did not have sufficient funds to his credit in the bank to pay the check, and the evidence shows beyond peradventure of a doubt that appellant and his partner affixed their signatures to the checks in the manner they were accustomed but not in the precise manner contained on the signature card at the bank. But the bank had honored ten checks drawn in exactly the same manner and in the same handwriting previous to the presentation of the check in question, and since both Mullins and Carter affixed their signatures to the check, they would have been estopped to deny the authority of the bank to pay the check upon presentation. The circumstances proven in this case do not even resemble a crime, which fact the Attorney General frankly concedes.

The judgment is reversed for proceedings consistent with this opinion.